**Mark TENAY, Plaintiff,**

v.

**The CULINARY TEACHER'S ASSOCI-
ATION OF HYDE PARK, NEW
YORK, INC. Defendant.**

**No. 04 CIV. 7467(CM).**

United States District Court,
S.D. New York.

Jan. 11, 2005.

Ira B. Grudberg, Rosemarie Paine, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, Michael J. Grudberg, Stillman Friedman & Shaw, New York, NY, for Plaintiff.

Steven Alan Friedman, Associate Counsel, New York State United Teachers, New York, NY, for Defendant.

MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND THE COMPLAINT TO SUBSTITUTE THE CULINARY INSTITUTE OF AMERICA FOR THE CULINARY TEACHER'S ASSOCIATION OF HYDE PARK, NEW YORK, INC. AND AWARDING SANCTIONS TO THE DISMISSED DEFENDANT

MCMAHON, District Judge.

What to do when the plaintiff learns that he brought suit on the day before the statute of limitations expired against the wrong party ?

Mark Tenay, a Connecticut citizen, was a student at the Culinary Institute of America (CIA), a world-renowned school of culinary arts located in Hyde Park, New York. While in one of the school's kitchens on September 21, 2001, Tenay slipped and fell, allegedly due to an unsafe and wet condition on the floor, and sustained a number of injuries. Tenay retained an attorney to bring a claim arising out of the accident.

On September 16, 2003—two years after the accident, and with ample time yet to run on the three year statute of limitations—plaintiff's lawyer wrote a letter addressed to "The Culinary Institute of America," at its address in Hyde Park, New York, announcing his retainer and demanding that the the the school's insurance carrier be notified. (Solomon Aff., Ex. A)

A year passed. Nothing happened.

Then, on September 20, 2004—the last day to file a lawsuit under the relevant statute of limitations—Tenay filed a complaint in diversity in this court. The complaint named "The Culinary Teachers Association of Hyde Park, New York, Inc.," as the party defendant.

CTA is not the Culinary Institute of America. It does not run the CIA. It is, rather, the labor union for personnel who work there.

On October 8, 2004, counsel for CTA, Steven Friedman, wrote to plaintiff's counsel and advised him that the wrong entity had been sued. He asked that plaintiff voluntarily discontinue the lawsuit.

Plaintiff's counsel responded by letter. He admitted that it seemed he had indeed sued the wrong party. But he protested that he could not simply discontinue the action against CTA, because the statute of limitations had run against CIA. If he discontinued, he feared could not bring a new action against CIA.

CTA's counsel wrote to the court, more or less demanding that I order plaintiff to discontinue his lawsuit. I told defendant to file an appropriate motion if his opponent would not consent to a voluntary discontinuance.

CTA filed an answer on October 22, averring that it does not run the CIA. It made no motion at that time.

On November 5, 2004, plaintiff moved for leave to file an amended complaint and to compel CIA to accept service of an untimely pleading. In support of his motion, counsel averred that he had checked the files of the Secretary of State of New York and found only the listing for CTA, which caused him to assume that CIA's corporate name was "The Culinary Teachers Association of Hyde Park, New York, Inc." He grounded his motion on New York's Civil Practice Law and Rules 3013(d), "Extension of Time to Appear or Plead." Of course, this is a federal court. We do not use the CPLR as our rules of procedure; we have no CPLR 3012(d) motion in this court. The motion should have been brought pursuant to Fed.R.Civ.P. 15(a) and (c). It will be analyzed as though it had been brought under the relevant Federal rule.

CIA was aware of the lawsuit by at least November 12, 2004, when it appeared specially to file an affidavit in response to plaintiff's motion. Counsel for CIA also appeared at a November 19 pre-trial conference to protect the school's interests.

On November 12—a week after plaintiff made his motion for leave to amend—CTA moved for judgment on the pleadings pursu-

ant to Fed.R.Civ.P. 12(c). Plaintiff does not oppose that motion; he just asks that I consider (and grant) his motion before granting CTA's. CTA also seeks sanctions for plaintiff's refusal to consent to a voluntary discontinuance, which it claims compelled it to move for dismissal.

### Under Relevant Law, the Amendment Must Be Allowed

■ The claim against CTA is obviously going to be dismissed. The question is whether the untimely claim against CIA will be allowed.

Fed.R.Civ.P. 15(a) provides that leave to amend a pleading shall be freely granted when justice so requires. However, a pleading amendment is not a way around the statute of limitations. An amendment adding a new party defendant after the limitations period has expired can only be allowed if the claim against the new defendant "relates back" to the date of the original pleading. If it does not, no excuse or showing of "good cause" will resurrect the time-barred claim.

The doctrine of relation back, as articulated in Rule 15(c), is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction or occurrence as was set forth in the original pleading.

Since 1966, Rule 15(c)(3) has expressly provided that an amended pleading changing the parties can relate back to the date of the original pleading, but only if certain conditions are satisfied. The rule as originally adopted provided that a new party defendant may be brought in by amendment that relates back to the filing of the original pleading only when, *within the period prescribed for commencing an action against him,* the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against that party. 6A Charles Alan Wright,

Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* 2d § 1498 (1990 ed.). In 1986, the United States Supreme Court, in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), concluded that, under the literal language of Rule 15(c), an amendment could only relate back when the proposed defendant had to know of the pendency of the action before the statute of limitation (as defined by state law) expired.

In 1991, Rule 15(c)(3) was amended to change the result required by *Schiavone.* The rule now reads:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when . . . .

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . . . .

(3) the amendment changes the party . . . . . . against whom a claim is asserted if the foregoing provision (2) is satisfied and, *within the period provided by Rule 4(m) for service of the summons and complaint,* the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. (Emphasis added.)

There is no question that the claim Tenay wishes to assert against CIA arose out of the same transaction or occurrence that was set forth in the original pleading. Indeed, Tenay does not want to change a word of his pleading—only the name in the caption. Thus, as long as CIA knew of the institution of the lawsuit against CTA before the time expired within which Tenay could have served it with a timely-filed complaint, and knew or should have known that the suit would have been instituted against it but for a mistake concerning its corporate identity, the proposed amendment relates back to September 20 and must be allowed.

Fed.R.Civ.P. 4(m) gives a plaintiff 120 days from the filing of the complaint to serve process on the defendant. Since the action was filed on September 20, the 120 period has not yet run, and will not run until next week. Obviously, CIA became aware of the pendency of this action well before the Rule 4(m) period ran—otherwise, it could not have appeared specially in this action to contest plaintiff's motion for leave to amend. Moreover, CIA also knew that plaintiff had mistakenly sued the wrong party within the 120 day period.[1]

CIA contends that it will be prejudiced if the amendment is allowed. However, counsel's opposing affidavit does not aver that CIA will be prejudiced in maintaining a defense on the merits. He claims only that plaintiff will be prejudiced by losing the protection of the statute of limitations.

Unfortunately, CIA's reliance on the Rule of Repose is unavailing. If Tenay had filed his complaint against CIA on September 20, 2004, it would have been timely—even if CIA did not learn about the pendency of the lawsuit via service of process until January 18, 2005, the last day for service under Rule 4(m). By amending Rule 15(c) in the manner it did, Congress made the judgment that no prejudice emanating solely from the running of the statute of limitations would arise as long as the real defendant found out about the lawsuit before service of a timely-filed complaint could have been made. The only prejudice that will defeat the relation back of an amended complaint filed against a new defendant is prejudice that prevents the maintenance of a defense. No such prejudice has been claimed by CIA.

Of course, counsel for CIA is correct when he asserts that plaintiff—who managed to address a letter to the right entity at the right address a year before the statute of limitations expired—should have filed his action early enough to allow for time to substitute in the correct party before the statute ran. But given the language of Rule 15(c), that observation is of no moment.

The amendment is allowed, CIA substituted as the party defendant in place of CTA, and all claims against CTA are dismissed with prejudice.

### Sanctions

█ There remains the question of what to do about the legal fees CTA has incurred since September 20. CTA has demanded that plaintiff pay them pursuant to Fed. R.Civ.P. 11.

Plaintiff's counsel contends that he should not be punished for refusing to discontinue his action against CTA because, based on his research into state law, he could not voluntarily discontinue the action and then bring a new action against the correct party in reliance on CPLR 205 (New York's savings statute). He is correct about the state rules. But if, having brought a common law negligence claim in FEDERAL court (which he chose to do), plaintiff's counsel had looked at the FEDERAL Rule of Civil Procedure, and done a little research into FEDERAL law, he would have learned that he could have brought an immediate motion seeking leave to amend under Fed.R.Civ.P. 15(a) and (c) to substitute the correct defendant for the incorrect one. Moreover, he would have learned that his chances of success on such a motion were overwhelmingly, because the Rule 4(m) period had not yet run. Had plaintiff's counsel made such a motion promptly upon learning that he had sued the wrong party—indeed, had he simply explained to CTA's counsel that he was going to make such a motion—CTA would never have filed an answer and would have incurred no cost whatever beyond the writing of a letter or two. CTA has been put to some trouble by virtue of counsel's mistake, and it has been put to more trouble because counsel elected to wait until the eleventh hour and fifty-ninth minute before filing his complaint. CTA deserves some compensation for its trouble.

But not a lot of compensation. Plaintiff is not required to compensate CTA for trouble

---

1. Of course, counsel for CIA made exactly the same mistake as counsel for Tenay—he cited only cases decided under CPLR 3012(d) and failed to mention, let alone analyze, the relevant *federal* rule. This sort of lawyering makes one wonder:

if the parties are content to rely on state rules of procedure, then why don't they simply maintain the lawsuit in the court in which those rules apply?

it brought on itself. Plaintiff made his motion for leave to amend (citing the wrong rule and the wrong precedents) on November 5. At that point, CTA had not yet made its motion for judgment on the pleadings. If CTA's counsel had read plaintiff's papers, he would have known that plaintiff had no intention of maintaining a lawsuit against the union, and that it was only a matter of time before the lawsuit against the union was going to disappear. The only question was whether plaintiff would be allowed to sue the school—a question that should have been of no concern to CTA.

There is no time limit for making a Rule 12(c) motion; CTA could have abided the result of plaintiff's motion for leave to amend before incurring any further expense beyond the filing of an answer.[2] Nonetheless, it filed a motion for judgment on the pleadings on November 12. The expense of making that motion was incurred entirely at CTA's behest, and the union should have to pay for it.

I award CTA sanctions against Ira B. Grudberg, Esq. (not against plaintiff Mark Tenay) in the amount of the reasonable attorneys' fees incurred in the preparation and filing of the answer. In the circumstances, I cannot imagine that a reasonable fee for the filing of a pro forma answer could be more than $1,000. Since I do not wish to multiply the litigation on this trivial point, or cause CTA to incur any more arguably reimbursable attorneys' fees, I fix sanctions in the amount of $1,000. Sanctions are awarded against counsel because counsel created this mess by waiting until the last second to commence this lawsuit—when he was hired to do it a year before the statute of limitations was due to expire—and because counsel made it worse by not figuring out what to do, under the relevant law, to fix the problem he had created.

### Instructions to the Clerk of the Court

All claims against the Culinary Teachers Association of Hyde Park, New York, Inc. are dismissed with prejudice, and the Culinary Institute of America is substituted as the defendant in this case going forward. Sanctions are awarded to the Culinary Teachers Association of Hyde Park, Inc. against Ira B. Grudberg, Esq. in the amount of $1,000.

This constitutes the decision and order of the Court.

---

2. Nothing in my memo endorsement on CTA's letter on October 12 compelled CTA to make a motion to dismiss once plaintiff moved for leave to amend the complaint. It should come as no surprise that it is not the court's practice to enter orders directing parties plaintiff to withdraw their lawsuits. We have ways of asking courts to dismiss lawsuits; they are called motions. There is no way I would compensate counsel for the expense incurred in "corresponding with the court," because the letter sent to the court was manifestly inappropriate.